UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2026 FEB -3 P 3: 10

CLERK
BY_____
DEPUTY CLERK

Heylin Julesmy Cabrera-Lopez,       )
                                    )
        Petitioner,                 )
                                    )
v.                                  )      Case No. 2:26-cv-00017-cr
                                    )
PATRICIA HYDE, Field Director, U.S. )
Immigration and Customs Enforcement, )
Boston Field Office; TODD M.        )
LYONS, Acting Director, U.S.        )
Immigration and Customs Enforcement; )
KRISTI NOEM, Secretary of U.S.      )
Department of Homeland Security;    )
DONALD J. TRUMP, in His Official    )
Capacity as President of the U.S.;  )
PAMELA BONDI, in Her Official       )
Capacity as U.S. Attorney General;  )
CAROLYN RILEY, Superintendent,      )
Chittenden Regional Correctional    )
Facility; DAVID W. JOHNSON,         )
Vermont Sub-Office Director of      )
Immigration and Customs Enforcement, )
Enforcement and Removal Operations;  )
and PETE R. FLORES, in his official )
capacity as Acting Commissioner for )
U.S. Customs and Border Protections )
                                    )
        Respondents.                )

## ORDER

Petitioner Heylin Julesmy Cabrera-Lopez has requested the court to issue an order

requiring her custody to remain in Vermont so that she may effectively litigate her habeas

corpus petition. The court has previously issued this type of order in other cases. *See,*

*e.g.*, *Japon Benites v. Hale*, Case No. 2:25-cv-00885 (D. Vt. Nov. 25, 2025) at Doc. 13

(extending temporary restraining order until petitioner's show cause hearing); *Walizada*

*v. Trump*, Case No. 2:25-cv-00768 (D. Vt. Oct. 1, 2025) at Doc. 13 (same); *Perez Alfaro*

*v. Trump*, Case No. 2:25-cv-00584 (D. Vt. June 16, 2025) at Doc. 4 (granting motion for temporary restraining order and ordering "the petitioner shall not be removed from the District of Vermont pending further Order of this court"). When it has not done so, petitioners have been transferred from the District of Vermont and have only been able to attend hearings remotely, without effective translation and without the ability to consult with counsel. *See, e.g., Petrova v. U.S. Dep't of Homeland Sec.*, Case No. 2:25-cv-00240 (D. Vt. May 28, 2025) at Doc. 70 (noting petitioner was present by video and interpreter and counsel were present in the courtroom). In light of Petitioner's need to provide a more fulsome factual record in this case and to supplement her legal and factual arguments, Petitioner must have the ability to effectively consult with her counsel. This will not be possible if Petitioner is detained elsewhere without notice.

In order to preserve this court's jurisdiction, and pursuant to the All Writs Act, 28 U.S.C. § 1651(a), which authorizes the federal courts to "issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law[,]" it is ORDERED that the Petitioner, Heylin Julesmy Cabrera-Lopez, shall not be removed from the District of Vermont pending further order of this court.

DATED at Burlington, in the District of Vermont, this _3rd_ day of February, 2026, at _3:05_ p.m.

Christina Reiss, Chief Judge
United States District Court